KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
JEREMIAH T. REYNOLDS (SBN 223554)
  jreynolds@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California  90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants MRC II Distribution Company, L.P., MRC II Holdings L.P., Oaktree Entertainment, Inc., George Nolfi and Michael Hackett

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LAURA ARCHER DICK COELHO, AS TRUSTEE OF THE PHILIP K. DICK TESTAMENTARY TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>MRC II DISTRIBUTION COMPANY, L.P., a Delaware limited partnership; MRC II HOLDINGS L.P., a Delaware limited partnership; OAKTREE ENTERTAINMENT, INC., a Delaware corporation; GEORGE NOLFI; and MICHAEL HACKETT,<br><br>Defendants. | CASE NO. CV 11-8913 ODW (JCGx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND THROUGH SEVENTH CLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      December 19, 2011<br>Time:     1:30 p.m.<br>Courtroom:  11<br><br>Complaint Filed: October 27, 2011 |

1
MOTION TO DISMISS COMPLAINT

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 19, 2011, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 11 in the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, California 90012, the Honorable Otis D. Wright, II presiding, Defendants MRC II Distribution Company, L.P., MRC II Holdings L.P., Oaktree Entertainment, Inc., George Nolfi and Michael Hackett (collectively, "Defendants") will appear and move the Court for an Order dismissing the Second, Third, Fourth, Fifth, Sixth and Seventh Claims for Relief in the complaint filed by Plaintiff Laura Archer Dick Coelho, As Trustee Of The Philip K. Dick Testamentary Trust, on the grounds that each of these Claims for Relief fail to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

Defendants' Motion is based upon this Notice, the attached Memorandum of Points and Authorities, all papers and pleadings on file herein, and on such other oral and documentary evidence as the Court may receive at or before the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that this Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on November 9, 2011.

DATED:  November 18, 2011            KINSELLA WEITZMAN ISER KUMP
                                     & ALDISERT LLP


                                     By:      /s/ Michael Kump
                                        _____
                                        Michael J. Kump
                                        Attorneys for Defendants
                                        MRC II Distribution Company, L.P., MRC
                                        II Holdings L.P., Oaktree Entertainment,
                                        Inc., George Nolfi and Michael Hackett

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................... 1

II. ALL OF PLAINTIFF'S STATE LAW CLAIMS FAIL BECAUSE PLAINTIFF DID NOT COMPLY WITH THE MANDATORY NOTICE OF DEFAULT AND OPPORTUNITY TO CURE PROVISIONS OF THE PARTIES' AGREEMENT ......................................... 2

III. PLAINTIFF'S SECOND CLAIM FOR DECLARATORY RELIEF FAILS AS A MATTER OF LAW ........................................................................ 5

IV. PLAINTIFF'S FIFTH AND SIXTH CLAIMS FAIL AS A MATTER OF LAW BECAUSE THEY ARE DEFECTIVE ON THEIR FACE ............... 7

    A. Plaintiff's Fifth Claim Fails as a Matter of Law Because An Express Contract Controls The Relationship Between The Parties ........ 7

    B. Plaintiff's Sixth Claim Fails as a Matter of Law Because There Is No Cause of Action for Unjust Enrichment ............................................ 9

V. CONCLUSION .................................................................................................. 10

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Amaral v. Wachovia Mortg. Corp.*,
   692 F.Supp.2d 1226 (E.D. Cal. 2010) .................................................................5

*Branch v. Tunnell*,
   14 F.3d 449 (9th Cir. 1994) ..................................................................................4

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002) ..................................................................................4

*Fieger v. Ferry*,
   471 F.3d 637 (6th Cir. 2006) ................................................................................5

*Filmline Productions, Inc. v. United Artists Corp.*,
   865 F.2d 513 (2d Cir. 1989) ..................................................................................4

*Harara v. ConocoPhillips Co.*,
   377 F.Supp.2d 779 (N.D. Cal. 2005) ....................................................................6

*Hunter v. Gates*,
   2001 WL 837697, *1 (C.D.Cal. April 16, 2001) ..................................................6

*John Wiley & Sons v. Visuals Unlimited, Inc.*,
   2011 WL 5245192, *4 (S.D.N.Y. Nov. 2, 2011) ...............................................6, 7

*Maykuth v. Adolph Coors Co.*,
   690 F.2d 689 (9th Cir. 1982) ................................................................................3

*McCormick v. Sch. Dist. of Mamaroneck*,
   370 F.3d 275 (2d Cir. 2004) ..................................................................................5

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Int'l Wire Grp., Inc.*,
   2003 WL 21277114, at *4 (S.D.N.Y. June 2, 2003) ............................................6

*Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*,
   998 F.2d 1192 (3d Cir. 1993) ................................................................................4

*Taggart v. Rantz*,
   2006 WL 3387284, *4 (D. Mont. Nov. 21, 2006) ................................................6

**STATE CASES**

*Babb v. Superior Court*,
   3 Cal. 3d 841 (1971) ............................................................................................5

*Black v. City of Santa Monica*,
   13 Cal. App. 2d 4 (1936) ......................................................................................3

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

*Dinosaur Development, Inc. v. White,*
   216 Cal. App. 3d 1310 (1989)..................................................................9

*Durell v. Sharp Healthcare,*
   183 Cal. App. 4th 1350 (2010)............................................................9, 10

*Hedging Concepts, Inc. v. First Alliance Mortgage Co.,*
   41 Cal. App. 4th 1410 (1996).........................................................7, 8, 9

*Mad River Lumber v. Willburn,*
   205 Cal. App. 2d 321 (1962)................................................................2, 3

*McBride v. Boughton,*
   123 Cal. App. 4th 379 (2004).................................................................9

*Melchior v. New Line Productions, Inc.,*
   106 Cal. App. 4th 779 (2003).................................................................9

*Parsons v. Bristol Development Co.,*
   62 Cal. 2d 861 (1965)..............................................................................2

*Schessler v. Keck,*
   125 Cal. App. 2d 827 (1954)...............................................................6, 7

*Wall Street Network v. New York Times,*
   164 Cal. App. 4th 1171 (2008)...............................................................2

*Willman v. Gustafson,*
   63 Cal. App. 2d 830 (1944).....................................................................7

**FEDERAL STATUTES**

Fed. R. Civ. P. 12(b)(1)..................................................................................1

Fed. R. Civ. P. 12(b)(6)..........................................................................1, 2, 4

**STATE STATUTES**

California Civil Code § 1643.........................................................................2

**TREATISES**

12 Moore's Federal Practice-Civil § 57.04[3] (2006 ed.)............................5

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

For the reasons set forth in the concurrently-filed Motion to Dismiss, Defendants MRC II Distribution Company, L.P., MRC II Holdings L.P., Oaktree Entertainment, Inc., George Nolfi and Michael Hackett ("Defendants") respectfully request that the Court pursuant to Fed. R. Civ. P. 12(b)(1) dismiss the Second through Seventh Claims for Relief asserted by Plaintiff Laura Archer Dick Coelho, As Trustee Of The Philip K. Dick Testamentary Trust ("the Trust"). These same Claims for Relief <u>also</u> fail as a matter of law and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for the following additional reasons:

<u>First</u>, the Trust fails to plead it complied with the <u>mandatory</u> provisions of the parties' agreement that require the Trust provide Defendants with <u>written</u> notice of any claims and an opportunity to cure those claims before the Trust can file a lawsuit. Each of the Third through Seventh Claims for Relief should be dismissed on this ground.

<u>Second</u>, Plaintiff's Second Claim for Declaratory Relief fails as a matter of law because it impermissibly seeks a declaration of non-liability in order to preemptively defeat tort claims against the Trust that have already accrued because of the Trust's <u>past</u> wrongful conduct. Put another way, in its Second Claim for Declaratory Relief, the Trust does not seek any <u>prospective</u> determination of its rights and responsibilities under the parties' agreement but, instead, a finding that it is not liable for damages that it has <u>already</u> caused. It is well established this is not a proper claim for declaratory relief.

<u>Third</u>, Plaintiff's Fifth Claim for Quantum Meruit fails as a matter of law because the parties' relations are governed by the terms of their express contract.

<u>Fourth</u>, Plaintiff's Sixth Claim for Unjust Enrichment fails because there is no such claim recognized under California law and Plaintiff has not pled any proper grounds for restitution.

1   Accordingly, for the reasons discussed above, Defendants respectfully request
2   that Plaintiff's Second through Seventh Claims all be dismissed on the ground that
3   they fail to set forth a claim pursuant to Federal Rule of Civil Procedure Rule
4   12(b)(6).

## II. ALL OF PLAINTIFF'S STATE LAW CLAIMS FAIL BECAUSE PLAINTIFF DID NOT COMPLY WITH THE MANDATORY NOTICE OF DEFAULT AND OPPORTUNITY TO CURE PROVISIONS OF THE PARTIES' AGREEMENT

All of the Trust's state law claims <u>fail as a matter of law</u> because the Trust has failed to plead it complied with the provision of the parties' contract requiring it to provide written notice of default and opportunity to cure. Three black-letter rules of contract law govern the Trust's failure to plead it provided Defendants the required written notice of default.

<u>First</u>, unless a contractual provision is determined to be ambiguous, interpretation of the provision is a matter to be performed by the court, as a matter of law. *See Parsons v. Bristol Development Co.*, 62 Cal. 2d 861, 865 (1965). <u>Second</u>, "[a] contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties." Civ. Code § 1643. <u>Third</u>, a plaintiff must establish that she performed the required terms of the contract before she can be allowed to recover for breach of contract. *See Wall Street Network v. New York Times*, 164 Cal. App. 4th 1171, 1178 (2008).

The circumstances of the present case are extremely similar to those presented in *Mad River Lumber v. Willburn*, 205 Cal. App. 2d 321 (1962). In *Mad River*, the defendant Hazel Willburn and her husband agreed to sell all timber on their property to the assignor of plaintiff Mad River Lumber Sales, Inc. over the course of a ten year period. *See id.* at 322. The contract could only be terminated in compliance with a provision stating that "[n]either party hereto shall terminate this contract by

reason of the breach of any of the terms, covenants, and conditions hereof on the part of the other party to be kept or performed without first giving notice in writing to such other party of such breach, specifying the general nature thereof and requesting the same to be remedied, corrected, or discontinued within fifteen (15) days thereafter." *See id.*

Following the execution of the contract, the Willburns began complaining that Mad River was failing to comply "with good logging practices" and they requested that Mad River clean up certain areas of their property. *See id.* at 323. Although Mad River did comply in some respects, the Willburns believed Mad River's performance was still deficient. Willburn placed a chain across the road used by Mad River employees, thereby preventing them from entering the property. Later Willburn sent a notice of default to Mad River. *See id.*

Mad River then filed an action to enjoin Willburn from interfering with its rights to log the property. 205 Cal. App. 2d at 324. Willburn cross-complained seeking a decree declaring the contract terminated. *See id.* The trial court found that Mad River had breached the contract and declared the contract terminated. *See id.*

The Court of Appeal <u>reversed</u>. *See id.* at 325. The court stated that "Mrs. Willburn could only terminate the contract in accordance with the terms specified in the contract and by which she had limited her power of termination for breach." *Id.* at 324. The Court of Appeal held that "Mad River was entitled to a period of 15 days within which to correct any deficiencies, but by reason of the acts of defendant, it has not had the opportunity it was entitled to by the contract. To allow judgment to stand would permit Mrs. Willburn to profit by her own wrong." *Id.* (emphasis added); *see also Black v. City of Santa Monica*, 13 Cal. App. 2d 4 (1936) (holding that a notice of cancellation was ineffective where it failed to provide the required notice period in the parties' contract); *Maykuth v. Adolph Coors Co.*, 690 F.2d 689, 694 (9th Cir. 1982) (holding that termination of distributorship contract without

giving distributor notice and an opportunity to cure was breach of contract under Montana law); *Filmline Productions, Inc. v. United Artists Corp.*, 865 F.2d 513, 518-519 (2d Cir. 1989) (holding that violation of right to cure provision was breach of contract under New York law).

Plaintiff's claims arising under state law, Third to Seventh Claims, are all premised upon the keystone allegation that Defendants have allegedly failed to pay the Trust certain sums that are supposedly owed pursuant to the agreement between George Nolfi and the Trust regarding the acquisition of the "Adjustment Team," dated May 23, 2011, as amended ("the Agreement"). (*See* Complaint, ¶¶ 47, 48, 81, 87, 92, 98 and 101.) A true and correct copy of the Agreement is attached as Exhibit A to the Declaration of Scott Tenley.[1]

More specifically, Plaintiff alleges, *inter alia*, that Defendants have breached the Agreement by "failing to issue any accounting statements to the Trust" and "failing to make required payments . . . ." (*See id.*, ¶ 81; *see also* Complaint, ¶ 87 (alleging that "[f]ull payment of all amounts has not been made by the MRC Defendants"); ¶ 92 (alleging that Defendants refuse to pay the Trust for the reasonable value of services); ¶ 98 (alleging that the Trust is entitled to restitution); ¶ 101 (alleging the Trust is entitled to contingent compensation).

The Agreement makes clear, however, that the Trust is contractually obligated to first provide a written notice to Defendants describing the alleged defaults and giving Defendants an opportunity to cure them before Defendants can

---

[1] A contract that is not attached to the complaint may be considered by the court on a 12(b)(6) motion to dismiss if: (a) the complaint refers to such document; (b) it is "central" to plaintiff's claim; and (c) there is no dispute about its authenticity. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153, fn. 3 (2d Cir. 2002). This prevents "a plaintiff with a legally deficient claim (from surviving) a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Agreement meets all of these criteria because the complaint refers to it, it is undoubtedly "central" to plaintiff's claim, and no party disputes its authenticity.

be considered in "default" under the Agreement. Paragraph 12, entitled "Remedies," states the following: "With respect to <u>any payment</u> to be made to Owner hereunder, Owner agrees that should for <u>any reason</u> Purchaser fail to make such payment as herein provided, Purchaser shall not be deemed in default hereof unless and until, following such failure, Owner shall give Purchaser <u>written notice</u> demanding such payment and Purchaser shall have failed to make such payment within ten (10) business days after Purchaser's receipt of said notice." (Agreement, ¶ 12 (emphasis added).) The Agreement further specifies that any required notice under the Agreement must either be delivered in person or sent by U.S. mail. (*See id.*, ¶ 13.)

Like Mrs. Willburn in *Mad River*, *supra*, the Trust has failed to plead it complied with the foregoing provisions of the Agreement that require it to provide <u>written</u> notice of its claims and opportunity to cure to Defendants before Defendants can be deemed in "default" under the Agreement. Defendants had no opportunity to correct any alleged "defaults" in their performance. The Trust's failure to plead that it complied with the "notice and cure" provision is fatal to <u>all</u> of its state law claims – *e.g.*, third to seventh claims – and they should be dismissed as a matter of law.

### III. <u>PLAINTIFF'S SECOND CLAIM FOR DECLARATORY RELIEF FAILS AS A MATTER OF LAW</u>

The law is clear that declaratory relief actions must be directed at reasonably anticipated <u>future conduct</u> of a defendant, and not past conduct. *See Amaral v. Wachovia Mortg. Corp.*, 692 F.Supp.2d 1226, 1235 (E.D. Cal. 2010) (*citing Babb v. Superior Court,* 3 Cal. 3d 841, 848 (1971)); *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006); *McCormick v. Sch. Dist. of Mamaroneck*, 370 F.3d 275, 284 (2d Cir. 2004); *see also* 12 Moore's Federal Practice-Civil § 57.04[3] (2006 ed.) ("However, declaratory relief is inappropriate to adjudicate past conduct, such as when the damages have already accrued."). Declaratory relief "is not intended to be used by parties who seek a declaration of non-liability to preemptively defeat tort claims

already accrued by past wrongful conduct." *John Wiley & Sons v. Visuals Unlimited, Inc.*, 2011 WL 5245192, *4 (S.D.N.Y. Nov. 2, 2011) (*citing Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Int'l Wire Grp., Inc.*, 2003 WL 21277114, at *4 (S.D.N.Y. June 2, 2003)).

Declaratory relief is also inappropriate where other adequate remedies are available to redress past conduct. *See Harara v. ConocoPhillips Co.*, 377 F.Supp.2d 779, 796 n. 21 (N.D. Cal. 2005); *see also Hunter v. Gates*, 2001 WL 837697, *1 (C.D.Cal. April 16, 2001) (dismissing declaratory relief claim where plaintiff's action was for damages was based on the defendants' past conduct). In addition, a court has discretion to decline to hear a claim for declaratory relief if adjudication of other claims would fully and adequately determine all matters actually in controversy between the parties. *See Schessler v. Keck*, 125 Cal. App. 2d 827, 837 (1954); *see also Taggart v. Rantz*, 2006 WL 3387284, *4 (D. Mont. Nov. 21, 2006).

In its Second Claim for Declaratory Relief, the Trust improperly seeks three declarations from the Court as to its past conduct. First, the Trust asks the Court for a declaration that it "has fulfilled all of its obligations under the Agreement – including that its representations and warranties in the Agreement relating to the copyright in 'Adjustment Team' were accurate . . . ." (Complaint, ¶ 22(a).) Second, the Trust improperly seeks a declaration that its "representations and warranties in the Agreement relating to the copyright in 'Adjustment Team' were not material." (*Id.*, ¶ 22(b).) Third, that even if the Adjustment Team was in the public domain and the Trust's representations and warranties were not accurate, it is still entitled to "full performance" from Defendants. (*Id.*, ¶ 22(C).)

These proposed declarations are all improper because they purely concern the Trust's past conduct – *i.e.*, whether the Trust has already "fulfilled" its contractual obligations to MRC, whether it previously made accurate representations and warranties in the Agreement, and whether those representations were "material." The Trust is improperly attempting to obtain a declaration that it did not already

breach the Agreement, and did not already either breach the Agreement or commit fraud by making false representations and warranties to MRC.

The Trust <u>cannot</u> use declaratory relief to preemptively obtain a ruling that absolves it of liability for past conduct. *See John Wiley & Sons, supra*, 2011 WL 5245192, *4. In addition, the Court should decline to exercise jurisdiction because all of these issues can be fully litigated as part of claims for breach of contract and fraud against the Trust in the Superior Court of California (or by way of cross-claim in this Action). *See Schessler, supra*, 125 Cal. App. 2d at 837.

Accordingly, the Court should dismiss Plaintiff's Second Claim for Declaratory Relief as defective as a matter of law and/or decline to exercise jurisdiction over the claim.

## IV. <u>PLAINTIFF'S FIFTH AND SIXTH CLAIMS FAIL AS A MATTER OF LAW BECAUSE THEY ARE DEFECTIVE ON THEIR FACE</u>

Plaintiff's Fifth Claim for Relief is asserted against all Defendants for quantum meruit (Complaint, ¶¶ 88-93), while the Sixth Claim for Relief against all Defendants is for unjust enrichment (*id.*, ¶¶ 94-98.) These are the only two Claims for relief in the entire Complaint asserted against Defendant Michael Hackett, who clearly should not be a party in the action. For the reasons set forth below, Defendants respectfully request that these two Claims be dismissed.

### A. <u>Plaintiff's Fifth Claim Fails as a Matter of Law Because An Express Contract Controls The Relationship Between The Parties</u>

"A quantum meruit or quasi-contractual recovery rests upon the equitable theory that a contract to pay for services rendered is implied by law for reasons of justice. [Citation.] However, it is well settled that there is no equitable basis for an implied-in-law promise to pay reasonable value when the parties have an actual agreement covering compensation." *Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal. App. 4th 1410, 1419 (1996) (*citing Willman v. Gustafson*, 63 Cal. App. 2d 830 (1944) (there can be no implied promise to pay reasonable value

for services when there is an express agreement to pay a fixed sum)).

In *Hedging Concepts*, plaintiff, a one-person financial consulting company, sued for allegedly unpaid commissions arising out of an express contract providing that the plaintiff would receive commissions if it arranged securitizations of second trust deeds. 41 Cal. App. 4th at 1414, 1418-19. Although the trial court found that the plaintiff had not successfully arranged any securitizations, it nonetheless awarded the plaintiff recovery in quantum meruit. *See id.* The Court of Appeal reversed the recovery to plaintiff. *See id.* at 1414.

The appellate court explained that "[t]he trial court violated the rule that equitable entitlement to a quantum meruit payment is not implied where the parties have actual contract terms covering payment." *Id.* at 1420. "When parties have an actual contract covering a subject, a court cannot – even under the guise of equity jurisprudence – substitute the court's own concepts of fairness regarding that subject in place of the parties' own contract." *Id.* at 1419-1420 (internal citations omitted).

Here, the Trust's Fifth Claim for Relief for quantum meruit seeks recovery for the "reasonable value" of "services" performed by "the Trust and its various representatives" in connection with the "Adjustment Team." (Complaint, ¶¶ 88-93.) But the Trust admits and pleads in Paragraphs 61 to 63 that <u>all</u> services performed by the Trust and its representatives were pursuant to the <u>express contract</u> between the Trust and the MRC Defendants. (*See* Complaint ¶¶ 61-62 ("By entering into the Agreement with the Trust, Defendants obtained far more than just a grant of motion picture rights in 'Adjustment Team.' ¶ Defendants obtained the <u>assistance and creative participation</u> of Isa Dick Hackett, Laura Archer Dick Coehlo, and the staff of Electric Shepherd Productions, LLC . . . ." ) (emphasis added)); *see also* ¶ 63 (alleging that Defendants also received "marketing support" and benefited by having Isa Dick Hackett participate in interviews in connection with the film). The Trust further pleads that the value of these services is "no less than the guaranteed and contingent compensation owed to the Trust under the Agreement." (*See id.*, ¶ 90.)

8

MOTION TO DISMISS COMPLAINT

Under the precedent of *Hedging Concepts* and the authorities cited therein, the Trust's quantum meruit claim <u>fails as a matter of law</u> because the parties have an express contract governing the provision of any services allegedly provided by the Trust and its representatives. Thus, the Fifth Claim should be dismissed.

### B. Plaintiff's Sixth Claim Fails as a Matter of Law Because There Is No Cause of Action for Unjust Enrichment

It is well established that "[t]here is no cause of action in California for unjust enrichment." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) (quoting *Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003)). "Unjust enrichment is synonymous with restitution." *Id.* (quoting *Dinosaur Development, Inc. v. White*, 216 Cal. App. 3d 1310, 1314 (1989)).

"There are several potential bases for a cause of action seeking restitution. For example, restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason. [Citations.] Alternatively, restitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct. In such cases, the plaintiff may choose not to sue in tort, but instead to seek restitution on a quasi-contract theory . . . . [Citations.] In such cases, where appropriate, the law will imply a contract (or rather, a quasi-contract), without regard to the parties' intent, in order to avoid unjust enrichment." *Id.* (quoting *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004)).

The Trust's Sixth Claim for unjust enrichment <u>fails</u> because there is no such claim recognized under California law. But even if the Court were to construe the Trust's claim as seeking "restitution," the claim still fails as a matter of law because the Trust has not pled that Defendants obtained a benefit from the Trust by "fraud, duress, conversion, or similar conduct." *Durell*, 183 Cal. App. 4th at 1370.

The Agreement could be rendered unenforceable if it is determined that <u>the Trust</u> procured the Agreement by <u>fraudulently representing</u> to MRC that the

"Adjustment Team" was not in the public domain. But the Trust cannot obtain restitution based upon its <u>own</u> wrongful conduct. It needs to allege that Defendants engaged in "fraud, duress, conversion, or similar conduct." *See id.* The Sixth Claim fails because there are no such allegations in the Trust's Complaint.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Second through Seventh Claims for Relief fail as a matter of law. Accordingly, Defendants respectfully request that their motion to dismiss be granted in its entirety and that the Second through Seventh Claims for Relief each be dismissed.

DATED: November 18, 2011

Respectfully submitted,

KINSELLA WEITZMAN ISER KUMP
& ALDISERT LLP

By:  /s/ Michael Kump
Michael J. Kump
Attorneys for Defendants
MRC II Distribution Company, L.P., MRC II Holdings L.P., Oaktree Entertainment, Inc., George Nolfi and Michael Hackett

10021.00006/92548.1