JUSTIN M. GOLDSTEIN (SBN 198858)
JAY S. HANDLIN (SBN 196250)
CARLSMITH BALL LLP
444 South Flower Street, 9th Floor
Los Angeles, CA 90071-2901
Telephone: 213.955.1200
Facsimile: 213.623.0032
Email: jgoldstein@carlsmith.com
jhandlin@carlsmith.com

Attorneys for LAURA ARCHER DICK COELHO,
AS TRUSTEE OF THE PHILIP K. DICK
TESTAMENTARY TRUST

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA ARCHER DICK COELHO, AS TRUSTEE OF THE PHILIP K. DICK TESTAMENTARY TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>MRC II DISTRIBUTION COMPANY, L.P., a Delaware limited partnership; MRC II HOLDINGS L.P., a Delaware limited partnership; OAKTREE ENTERTAINMENT, INC., a Delaware corporation; GEORGE NOLFI; and MICHAEL HACKETT,<br><br>Defendants. | Case No. CV11-8913-ODW (JCGx)<br>Hon. Otis D. Wright<br><br>PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S JANUARY 3, 2012 ORDER TO SHOW CAUSE<br><br>Date:       n/a<br>Time:       n/a<br>Courtroom:  n/a<br><br>Complaint Filed:  October 27, 2011<br>PTC Date:         None<br>Trial Date:       None |

CARLSMITH BALL LLP
ATTORNEYS AT LAW
LOS ANGELES

4811-2898-3054.3

PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S JANUARY 3, 2012 OSC

# TABLE OF CONTENTS

**Page**

A. There Is No Basis to Dismiss the Entire Action Because the Forum Language Is Only Permissive, Not Mandatory ................................................. 1

B. As Defendants Concede, Claim 1 Is a Federal Copyright Claim Over Which Federal Courts Have Exclusive Jurisdiction......................................... 5

C. The Forum Language Does Not Apply to Non-Parties to the Agreement, nor to Non-Contractual Claims............................................................. 6

D. None of the Trust's Claims Should Be Sent to State Court ........................... 7

# TABLE OF AUTHORITIES

Page

## CASES

*Abbott Labs. v. Takeda Pharm. Co.*,
   476 F.3d 421 (7th Cir. 2007) ...................................................................... 3

*AIG Europe S.A. (Italy) v. Franco Vago Int'l, Inc.*,
   756 F. Supp. 2d 369 (S.D.N.Y. 2010) ......................................................... 7

*Animal Film, LLC v. D.E.J. Prods., Inc.*,
   193 Cal. App. 4th 466 (2011) ........................................................... 2, 3, 4, 5

*Ceramic Corp. of Am. v. Inka Mar. Corp.*,
   1 F.3d 947 (9th Cir. 1993) ........................................................................... 4

*City of New Orleans v. Mun. Admin. Servs.*,
   376 F.3d 501 (2004) .................................................................................... 2

*Dakotah, Inc. v. Tomelleri*,
   21 F. Supp. 2d 1066 (D.S.D. 1998) ............................................................ 6

*Effects Assocs. v. Cohen*,
   817 F.2d 72 (9th Cir. 1987) ......................................................................... 5

*Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*,
   131 F.3d 1336 (9th Cir. 1997) ..................................................................... 3

*Gaiman v. McFarlane*,
   360 F.3d 644 (7th Cir. 2004) ....................................................................... 6

*Gates Learjet Corp. v. Jensen*,
   743 F.2d 1325 (9th Cir. 1984) ..................................................................... 4

*Goodman v. Lee*,
   815 F.2d 1030 (5th Cir. 1987) ..................................................................... 6

*Highland Supply Co. v. Klerk's Flexible Packaging, B.V.*,
   2005 WL 3534211 (S.D. Ill. Dec. 21, 2005) ............................................ 5, 6

*Hunt Wesson Foods, Inc. v. Supreme Oil Co.*,
   817 F.2d 75 (9th Cir. 1987) ............................................................... 2, 3, 4, 5

*Kamm v. ITEX Corp.*,
   568 F.3d 752 (9th Cir. 2009) ....................................................................... 8

*Lueck v. Sundstrand Corp.*,
   236 F.3d 1137 (9th Cir. 2001) ..................................................................... 4

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
   858 F.2d 509 (9th Cir. 1988) ....................................................................... 3

## TABLE OF AUTHORITIES
(continued)

Page

*McNeil v. Stanley Works*,
  33 Fed. Appx. 322 (9th Cir. 2002) ................................................................. 2, 4

*Modern Computer Corp. v. Ma*,
  862 F. Supp. 938 (E.D.N.Y. 1994) ..................................................................... 6

*Monsanto Co. v. LaValle*,
  2008 WL 1767050 (E.D. Mo. Apr. 15, 2008) ................................................ 5, 6

*Softwareworks Group, Inc. v. IHosting, Inc.*,
  2006 WL 2850026 (N.D. Cal. Oct. 4, 2006) ..................................................... 2

*The Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1 (1972) ............................................................................................... 3

*Welek v. Solomon*,
  650 F. Supp. 972 (E.D. Mo. 1987) ..................................................................... 4

*XAC, LLC v. Deep*,
  2008 WL 4518219 (N.D.N.Y. Sept. 30, 2008) .................................................. 6

### STATUTES

28 U.S.C. § 1338(a) .................................................................................................. 5

28 U.S.C. § 1447(c) .................................................................................................. 8

The Philip K. Dick Testamentary Trust (the "Trust") hereby responds to the Court's January 3, 2012 Order. As a matter of law, this action should not be dismissed because: (1) the forum language is permissive, not mandatory; (2) the Trust's first claim arises under the Copyright Act, and the federal courts' exclusive jurisdiction over copyright cannot be thwarted; and (3) the forum language at issue does not apply to non-parties to the contract, or to non-contractual claims. Nor does the forum language weigh in favor of sending the Trust's state law claims to state court. To avoid wasteful duplicative litigation and the potential for conflicting adjudications, this entire action should remain before this Court.

### A. There Is No Basis to Dismiss the Entire Action Because the Forum Language Is Only Permissive, Not Mandatory.

This inquiry should begin and end with analysis of the contractual language. The Court must consider what the Agreement says, not the words Defendants added to suggest it states something it does not. According to Defendants, "*the parties to the Agreement expressly agreed to* 'the jurisdiction of the courts of the State of California' *in the event of a dispute*." (Mot. at 13 (emphasis added).) But the italicized words (which were imported into the Order to Show Cause) *do not appear in the contract*. They are Defendants' invention. Limiting the analysis to what the contract actually says, the parties to the Agreement most certainly *did not* "agree to litigate their state law claims in California State court." (Mot. at 12.)

The forum language is contained in the following sentence:

> This Agreement shall be interpreted, construed and governed in all respects under the laws of the State of California applicable to agreements executed and intended to be wholly performed within said State and **the parties hereby consent to the jurisdiction of the courts of the State of California**.

Tenley Decl., Ex. A ¶ 21. The words in boldface are the only words at issue. And those words make clear that the Agreement does not require claims to be litigated in California state court. Rather, the Agreement provides only that if claims are filed in California state court, the parties will not contest that court's jurisdiction.

Case 2:11-cv-08913-ODW-JCG Document 24 Filed 01/24/12 Page 6 of 12 Page ID #:322

First, the Court must decide the "threshold issue" of "whether the forum selection clause is mandatory or permissive." *Animal Film, LLC v. D.E.J. Prods., Inc.*, 193 Cal. App. 4th 466, 471 (2011). A clause is "mandatory" only if it "provides for *exclusive* jurisdiction in the California state court." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987). Thus, where "[t]he language mandates that the designated courts are the *only* ones which have jurisdiction," a clause is "mandatory." *Id.* at 77-78 (emphasis added). By contrast, a clause that says a specified court has jurisdiction, but does not expressly require litigation solely in that court, is "permissive." If a clause is permissive, the plaintiff's choice of forum will not be overturned unless a "traditional forum non conveniens analysis" would require transferring the case. *Animal Film*, 193 Cal. App. 4th at 471; *McNeil v. Stanley Works*, 33 Fed. Appx. 322, 324 (9th Cir. 2002).

The language at issue here has been repeatedly found to be permissive, not mandatory. The forum selection clause considered in *Animal Film* states: "THE PARTIES HERETO SUBMIT AND *CONSENT TO THE JURISDICTION OF THE COURTS PRESENT IN THE STATE OF TEXAS* IN ANY ACTION BROUGHT TO ENFORCE (OR OTHERWISE RELATING TO) THIS AGREEMENT." *Animal Film*, 193 Cal. App. 4th at 470 (emphasis added). The court found the forum language to be permissive, not mandatory, because it merely "provide[s] for submission to jurisdiction in a particular forum without mandating it." *Id.* at 471. Federal courts have come to the same conclusion regarding similar "consent" forum language. *Softwareworks Group, Inc. v. IHosting, Inc.*, 2006 WL 2850026 * 1 (N.D. Cal. Oct. 4, 2006) (provision stating that "[e]ach of the parties to this Note consents to the jurisdiction and venue of the [New Jersey] courts" is permissive); *City of New Orleans v. Mun. Admin. Servs.*, 376 F.3d 501, 504 (2004).

The "consent" language in *Animal Film*, *Softwareworks Group* and *City of New Orleans* is almost identical to that used in the Agreement. "Such consent to jurisdiction, however, does not mean that the same subject matter cannot be


CARLSMITH BALL LLP
ATTORNEYS AT LAW
LOS ANGELES

4811-2898-3054.3                              2

PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S JANUARY 3, 2012 OSC

litigated in any other court." *Hunt Wesson Foods*, 817 F.2d at 77. If anything, the *Animal Film* contract's language stating those parties did not merely "consent," but affirmatively "submit[ted]," to jurisdiction of the Texas courts made a stronger case that the clause was mandatory than Defendants here can assert. Nonetheless, since the clause "lack[ed] the language of exclusivity in forum selection clauses that courts have held to be mandatory," it was permissive. 193 Cal. App. 4th at 472.[1]

"In comparison, in cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required *exclusive* jurisdiction." *Hunt Wesson Foods*, 817 F.2d at 77 (emphasis in original). Examples of clauses that are mandatory because they "require" such "exclusive jurisdiction" say: the designated courts "*shall have exclusive jurisdiction*"; "this Agreement shall be litigated only in the Superior Court for Los Angeles (*and in no other*)"; all claims arising out of or related to a contract "*shall be litigated*" in the designated forum; and "any dispute ... *shall be brought* in either San Diego or Los Angeles County." *Hunt Wesson Foods*, 817 F.2d at 77, and *Animal Film*, 193 Cal. App. 4th at 472 (in both cases, citations omitted, emphases in original).

The cases cited by Defendants (Mot. at 12-13) addressed *mandatory* forum selection language. See *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 20 (1972) ("the language of the clause is clearly mandatory and all-encompassing"); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 511 (9th Cir. 1988) ("For any controversy regarding interpretation or fulfillment of the present contract, the Court of Florence has *sole jurisdiction*.") (emphasis added); *Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1337 (9th Cir. 1997) ("any claim or dispute arising hereunder or in connection herewith *shall be determined by the*

---

[1] Clauses stating that parties "expressly *submitted to the jurisdiction* of the State of California and United States Federal courts sitting in the City of Los Angeles," and "*stipulate to jurisdiction and venue* in Ramsey County, Minnesota," have been found permissive. *Id.* (citations omitted, emphases in original). Because federal and state courts have found the forum language at issue here to be permissive, it is irrelevant whether federal or state law applies. See *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 512-13 (9th Cir. 1988) (applying federal law in diversity case); *Abbott Labs. v. Takeda Pharm. Co.*, 476 F.3d 421, 423 (7th Cir. 2007) (applying state law).

*courts in Seoul and no other courts*.") (emphasis added). In all those cases, "[t]he language mandates that the designated courts are the *only ones* which have jurisdiction." *Hunt Wesson Foods*, 817 F.2d at 77-78 (emphasis added).

Here, the Agreement does not say California's courts are the only ones with jurisdiction. It does not designate an exclusive forum. The quoted examples show that the language in this case is unquestionably permissive, not mandatory. This means the Trust may file its action in federal or state court, even outside California.

Because the provision is permissive, the Trust's claims can be moved to state court only if a "traditional forum non conveniens analysis" would require doing so. *Animal Film*, 193 Cal. App. 4th at 471; *McNeil*, 33 Fed. Appx. at 324. Defendants have never suggested, nor could they, that this Court is inconvenient. A party moving to dismiss based on *forum non conveniens* bears the burden of showing: (1) there is an adequate alternative forum; and (2) the balance of private and public interest factors favors dismissal. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142-43 (9th Cir. 2001). In such an analysis, a domestic plaintiff's forum choice will not be disturbed unless the private and public interest factors strongly favor another forum. *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1334 (9th Cir. 1984).

Where fewer than all claims in a case can be adjudicated in a forum, that forum is not an "adequate alternative" under a *forum non conveniens* analysis. *See, e.g., Ceramic Corp. of Am. v. Inka Mar. Corp.*, 1 F.3d 947, 949-50 (9th Cir. 1993) ("Dismissal . . . would not be appropriate 'where the alternative forum does not permit litigation of the subject matter of the dispute.'"); *Welek v. Solomon*, 650 F. Supp. 972, 975 (E.D. Mo. 1987). As described below, the Trust's first claim, for a declaratory judgment that the copyright in the story "Adjustment Team" remains valid, is subject to the exclusive jurisdiction of this Court. Indeed, Defendants concede Claim 1 cannot be heard in state court. (Mot. at 1, 7, 10, 11 (describing Claim 1 as a "federal claim" and admitting it "give[s] rise to federal court jurisdiction").) For that reason alone, the state court is not an adequate alternative.

1  Even if state court were an adequate alternative, Defendants cannot prove the public and private interests strongly favor litigating there. The exclusivity of federal courts over copyright claims shows an overriding public interest in this case remaining in this Court. And Defendants cannot plausibly claim their access to sources of proof, cost of obtaining attendance of witnesses, and availability of compulsory process – other factors courts assess in weighing relative convenience of different forums – would be worse in this Court than in Superior Court.

Because the clause is permissive, and Defendants cannot prevail on a *forum non conveniens* analysis, the Trust's forum choice should be honored. Indeed, where a forum clause is permissive and the trial court nonetheless sends the case to state court, that is reversible error. *See Hunt Wesson Foods*, 817 F.2d at 78.

Even if the forum language were mandatory, it cannot be enforced if doing so "would be unreasonable." *Animal Film*, 193 Cal. App. 4th at 471, 123 Cal. Rptr. at 76. Enforcing a mandatory forum clause is unreasonable where it requires litigating in state court claims over which federal courts have exclusive jurisdiction, depriving a party of its federal claims. *See Highland Supply Co. v. Klerk's Flexible Packaging, B.V.*, 2005 WL 3534211, at *1 (S.D. Ill. Dec. 21, 2005); *Monsanto Co. v. LaValle*, 2008 WL 1767050, at *1 (E.D. Mo. Apr. 15, 2008). Thus, however the language is construed, it would be error to send the case to state court.

**B.     As Defendants Concede, Claim 1 Is a Federal Copyright Claim Over Which Federal Courts Have Exclusive Jurisdiction.**

The Order to Show Cause appears to question whether the Agreement's forum language might call for dismissal of this action altogether. Respectfully, it cannot. Under 28 U.S.C. § 1338(a), federal courts "have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." *See Effects Assocs. v. Cohen*, 817 F.2d 72, 73 (9th Cir. 1987) ("Federal courts have

exclusive jurisdiction over actions arising under federal copyright laws."). Claim 1 seeks a declaration that "Adjustment Team" remains copyright protected in the U.S. and internationally. Whether a party's copyright is valid is a question that arises under, and cannot be decided without reference to, the Copyright Act. *See Gaiman v. McFarlane*, 360 F.3d 644, 652-53 (7th Cir. 2004); *Goodman v. Lee*, 815 F.2d 1030, 1032 (5th Cir. 1987) (declaratory action involving "validity of the copyright itself" arose under Copyright Act); *XAC, LLC v. Deep*, 2008 WL 4518219, at *1 (N.D.N.Y. Sept. 30, 2008) ("Plaintiffs' complaint seeks a determination regarding the validity of a copyright and, therefore, arises under the Copyright Act."); *Dakotah, Inc. v. Tomelleri*, 21 F. Supp. 2d 1066, 1073 (D.S.D. 1998) (same); *Modern Computer Corp. v. Ma*, 862 F. Supp. 938, 943 (E.D.N.Y. 1994) (same).

A forum selection clause cannot justify requiring a party to bring in state court a claim over which the federal courts have exclusive jurisdiction. *See, e.g., Highland Supply Co.*, 2005 WL 3534211, at *4; *Monsanto Co.*, 2008 WL 1767050, at *1. Even Defendants admit Claim 1 belongs solely in federal court. Despite mischaracterizing the forum language, Defendants expressly concede that the question raised by Claim 1 – "the validity of the Trust's copyright" – "give[s] rise to federal court jurisdiction." (Mot. at 1.) They repeatedly describe Claim 1 as the Trust's "federal copyright claim," admitting it is a "federal claim" that asserts a "federal issue." (*E.g.*, Mot. at 7, 10, 11.) Defendants contend only that the forum language "memorializes the parties' intention and agreement that claims that do not involve exclusive federal jurisdiction must be litigated in state court." (*Id.* at 2; *see id.* at 13.) Defendants are wrong. But beyond that, Defendants cannot now in good faith reverse course and maintain that the Agreement's forum language requires the Trust's copyright claim to be litigated in state court, too.

### C. The Forum Language Does Not Apply to Non-Parties to the Agreement, nor to Non-Contractual Claims.

To state the obvious, a forum selection clause can only be asserted by a party

who has rights under the contract in which the clause appears. *See, e.g., AIG Europe S.A. (Italy) v. Franco Vago Int'l, Inc.*, 756 F. Supp. 2d 369, 377 (S.D.N.Y. 2010). Here, at the very least, it is premature for the MRC Defendants to assert the forum language, or any other part of the Agreement, as a basis for dismissing any claim against them. Paragraph 45 of the Complaint alleges:

> Upon information and belief, some or all of the MRC Defendants have succeeded to some or all of Nolfi's rights and obligations under the Agreement. Whether and to what extent Nolfi's obligations under the Agreement have been assigned or otherwise transferred to other Defendants is information that is solely in the knowledge and possession of Defendants.

Plaintiff has requested that MRC Defendants produce documents they claim show they succeeded to Nolfi's rights under the Agreement. To date, it remains unproven whether and to what extent MRC Defendants have rights under the Agreement. Taking the Complaint's allegation as true, MRC Defendants may have only partial rights, or none – so they presently have no basis for asserting the forum language.

Taking paragraph 45's allegations as true also calls into question whether, in making the purported assignment of rights to MRC, Nolfi retained any interest in the Agreement. If he did not, he cannot assert contractual grounds for dismissal. And what rights he retained, or did not, cannot be decided on the pleadings. Also, because no one even claims Hackett was ever a party to the Agreement, he has no grounds for moving claims to state court based on the forum language.

Nor is there any basis for contending the forum language requires dismissal of Claims 1 (declaratory relief regarding validity of copyright), 5 (quantum meruit), and 6 (unjust enrichment), which are non-contractual. Even if the Agreement could be read to suggest that contractual claims belong in state court (and it cannot), the forum language provides no basis for moving non-contractual claims there.

**D.    None of the Trust's Claims Should Be Sent to State Court.**

Even Defendants did not argue that the forum language *requires* the state law claims to be litigated in state court. Rather, they contended it is "evidence[]" of

"the parties' intention to litigate state law claims in California state court." (Reply at 9.) This suggestion is unfounded,[2] and also wrong. As shown above, because the forum language is permissive, the Court should transfer claims to state court only if a *forum non conveniens* analysis warrants doing so – which it does not.

The Complaint's copyright issues must be adjudicated in this Court. The copyright and state law issues are inextricably intertwined, since Defendants' sole basis for repudiating their contract obligations is their position that the "Adjustment Team" copyright fell into the public domain in the U.S. and internationally. As alleged in the Complaint, the Trust intends to demonstrate that "Adjustment Team" remains copyright protected in the U.S. But even if the Court found otherwise, the work remains protected in all Berne Convention countries, which refutes Defendants' position that they have no obligation to perform under the Agreement.

If this Court were to send the contract claims to state court while retaining the U.S. and international copyright matters, the public domain-related issues would be litigated before two courts. Putting aside that California's state courts lack jurisdiction to do so, this would result in needlessly inefficient litigation and a risk of inconsistent adjudications. Moreover, as shown, the forum language cannot be invoked by non-parties or for non-contractual claims, and no defendant has yet established a right to invoke it as to *any* claims. All these factors overwhelmingly favor honoring the Trust's forum choice and keeping the entire case in this Court.

Dated:   January 24, 2012            CARLSMITH BALL LLP

By:/s/ Justin M. Goldstein
    Justin M. Goldstein
    Attorneys for Plaintiff

---

[2] Defendants' sole citation does not support this proposition. (Reply at 9.) In *Kamm v. ITEX Corp.*, 568 F.3d 752, 756 (9th Cir. 2009), the Ninth Circuit did *not* hold that a forum selection clause weighs in favor of declining to exercise supplemental jurisdiction. The issue there was whether a *mandatory* forum selection clause requiring an action to be brought in state court was a "defect" within 28 U.S.C. § 1447(c); if so, it would deprive the court of jurisdiction to review the district court's remand order. *Id.* at 754-55. Holding that a forum clause "operates outside" 28 U.S.C.'s requirements for removal and so was not a "defect," the court noted that such a clause was just one of various reasons for not exercising jurisdiction over a case. *Id.* at 756.