1                                                                                    **O**

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10                          WESTERN DIVISION

11  LAURA ARCHER DICK COELHO, AS)          Case No. CV 11-8913-ODW (JCGx)
    TRUSTEE OF THE PHILIP K. DICK)
12  TESTAMENTARY TRUST,          )
                                 )
13                   Plaintiff,  )          ORDER  RE  DEFENDANTS'
                                 )          MOTIONS TO DISMISS [13],[14]
14  v.                           )
                                 )
15  MRC II DISTRIBUTION COMPANY,)
    L.P.;  MRC  II  HOLDINGS  L.P.;)
16  OAKTREE ENTERTAINMENT, INC.;)
    GEORGE  NOLFI;  AND  MICHAEL)
17  HACKETT,                     )
                                 )
18                   Defendants. )
    _____ )
19

20          Before the Court are Defendants' two motions to dismiss—a first combined motion

21  under Fed. Civ. P. 12(b)(1) and 12(b)(3), and a second motion under 12(b)(6).  After

22  careful consideration of the parties' papers, the Court deems the matter appropriate for

23  decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.

24  **I.      BACKGROUND**

25          Plaintiff, the Philip K. Dick Testamentary Trust, was formed to maintain, promote,

26  and develop the creative works of the late science fiction author Philip K. Dick.  Mr.

27  Dick's works numbered over 200, which include works that have been the basis for

28  nearly a dozen feature films, including *Blade Runner*, *Total Recall*, and *Minority Report*.

Defendants approached the Trust and negotiated a contract for exclusive movie rights to *Adjustment Team*.  In 2011, after years of work and further contract renegotiations, the story *Adjustment Team* became the movie *The Adjustment Bureau*. The feature film was an instant hit, taking in over $128M at the U.S. and international box offices, and over $10M in DVDs in the United States alone.

The sudden success of *The Adjustment Bureau* ushered in newfound wealth, and disputes about how that wealth is to be distributed.  The parties now dispute the amount owed to the Trust under the alleged agreements relating to Mr. Dick's work.

Based on the foregoing, Plaintiff asserts the following claims: (1) declaratory relief to determine whether *Adjustment Team* was in the public domain for purposes of Copyright; (2) declaratory relief regarding rights under contract; (3) breach of contract; (4) money had and received; (5) quantum meruit; (6) unjust enrichment; and, (7) accounting.

## II.    DEFENDANTS' RULE 12(B)(1) MOTION

The Court first considers Defendants' Rule 12(b)(1) motion  for lack of subject matter jurisdiction.  Defendants ask the Court to retain the narrow copyright question, but to dismiss the remaining, and overarching, contract claims.

Federal courts are courts of limited jurisdiction and "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Couch v. Telescope, Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

So long as the complaint sets forth a claim arising under federal law, a court may exercise supplemental jurisdiction over the remaining state law claims if they form part of the same case or controversy—that is, if they derive from a common nucleus of

operative fact such that a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 725 (1966); *See* 28 U.S.C. § 1367.  Even so, a court has discretion to decline supplemental jurisdiction where:

> (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *Gibbs*, 383 U.S. at 726-27.  Further, a court must consider the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state law claims. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174-75 (9th Cir. 2002).

A Rule 12(b)(1) motion may be brought as either a facial or factual attack. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.*  But, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.*

In this case, Defendants concede that the copyright claim should remain in federal court and only bring a facial attack against supplemental jurisdiction of the remaining six causes of action concerning the underlying contract.  Therefore, for this analysis, the Court accepts the allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. *See id.*

**A.      The copyright cause of action is a federal question**

Both sides correctly argue that federal courts have original and exclusive jurisdiction in actions arising out of the federal Copyright Act. 28 U.S.C. § 1338(a). Plaintiff's peculiar declaratory cause of action requests the Court to determine whether *Adjustment Team* is or was in the public domain.  Essentially, this is a limited request for a determination of validity of the copyright.  Thus, the Court finds this cause of action

1   is a federal question and the Court's jurisdiction over this one narrow issue is proper.

2   **B.    The other six causes of action arise under different operative facts and**
3         **substantially predominate over the copyright issue**

4        Plaintiff's six other causes of action concern the *Adjustment Team* contract

5   between the parties.  First, there is no common nucleus of *operative* fact between the

6   copyright validity determination and the six contract claims.  The Court finds that there

7   are some common *background* facts, e.g., both the copyright and contract arise from Mr.

8   Dick's *Adjustment Team* work.  But that is all.  The *operative* facts concerning the rights

9   under the contract and breach of that contract have nothing do to with the copyright.  *See*

10  *Trilithic, Inc. v. Wavetek U.S.*, 6 F. Supp. 2d 803, 806-07 (S.D. Ind. 1998)(the court

11  declining supplemental jurisdiction, finding the facts needed for resolving the two claims

12  are "separate and distinct": where one claim is for patent infringement, and the other is

13  for breach of a non-disclosure agreement concerning the same patent).

14       Second, even if there is a common nucleus of operative fact, the copyright issue

15  is mere fodder compared to the remaining contract claims.  The Court finds nothing in

16  Plaintiff's pleading to suggest that the contract becomes void or otherwise unenforceable

17  if the copyright is rendered invalid.  In fact, Plaintiff downplays the importance of the

18  copyright and alleges that Defendants profited from the *Adjustment Team* contract,

19  regardless of the copyright:

20
21       Defendants have profited enormously from these benefits,
         none of which has anything to do with copyright. Under any
         circumstances—with *Adjustment Team* fully protected by
22       copyright worldwide, or protected internationally, or not
         protected at all—Defendants still received the full value they
23       have paid under the Agreement.

24  (Compl. ¶ 66.)  In other words, Plaintiff's recovery under the contract is independent of

25  the validity of its copyright.  Because of the relative unimportance of the copyright in this

26  dispute, the Court finds that Plaintiff's six state law claims substantially predominate over

27  the copyright issue.

28       Plaintiff cites *Ackoff-Ortega* for the proposition that supplemental jurisdiction is

4

proper where the facts include a copyright-based cause of action and a breach of contract claim. *Ackoff-Ortega v. Windswept Pac. Entm't Co.*, 98 F. Supp. 2d 530, 533-34 (S.D.N.Y 2000). But, *Ackoff-Ortega* is distinguishable: the contract obligations in this case may be determined apart from the copyright claim; whereas *Ackoff-Ortega* required evaluation of the underlying contract, which defendants allege released them from the plaintiffs' copyright claim. *Id.* at 535.

Still, Plaintiff argues that preceding cases have found a sufficient nexus between a copyright claim and a contract claim. *See S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1091 (9th Cir. 1989). Yet, Plaintiff forgets to consider the *Gibbs* factors, and the discretion given to the Court to decline supplemental jurisdiction when "the state law claim substantially predominates over the claim on which the court's original jurisdiction is based." 28 U.S.C. § 1367(c)(2); *Gibbs*, 383 U.S. at 726. Plaintiff's reliance on *S.O.S.* is misplaced. *S.O.S.* contains no substantive discussion concerning supplemental jurisdiction. *S.O.S., Inc.* 886 F.2d at 1091. Further, the copyright claim in *S.O.S.* lies at the center of the dispute and dominates the remaining claims. It is quite the opposite in this case. The Court finds that judicial economy is best served in this instance by bifurcating the case: the federal copyright claim in this Court; the remaining six contract claims in state court.

Third, even if the validity of the copyright has a bearing on the determination of contract damages, the Court finds that the limited determination of the validity of the copyright; that is, whether *Adjustment Team* is or was in the public domain; can be quickly achieved on a Rule 56 motion, after a brief opportunity for discovery. The present case is still in the pleading stage, and the parties have not yet held their Rule 26(f) conference. This is not an instance where Plaintiff's contract claims are kicked out right before trial. At this early stage, the Court finds it is imprudent to exercise supplemental jurisdiction over the six contract claims because the federal copyright claim will be resolved imminently.

Moreover, there will be no prejudice to Plaintiff if its contract claims are tried in

state court—the Court's determination of the validity of the copyright will in all likelihood precede any resolution of the six contract claims; in state or federal court (if it remained here).  In addition, because the parties reside here in California, the Court finds no disadvantage to either side to have this case heard in state court instead.

## C.   Plaintiff does not allege diversity jurisdiction as a fall back

Under 28 U.S.C. § 1332, a federal court has diversity jurisdiction over a case if the suit is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interests and costs.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102 (9th Cir. 2010).  However, Plaintiff does not allege diversity as an independent basis for subject-matter jurisdiction.  The Court believes that it cannot; Plaintiff and Defendants are citizens of or have their principal places of business in California.  (Compl. ¶¶ 20-22, 24.).

## IV.   CONCLUSION

For the above reasons, Defendants' Rule 12(b)(1) motion is **GRANTED** and Plaintiff's second, third, fourth, fifth, sixth, and seventh causes of action are **DISMISSED WITHOUT PREJUDICE**.

The Court declines to further analyze the parties' forum selection clause and **DENIES** Defendants' Rule 12(b)(3) motion as **MOOT**.  The Court also **DENIES** Defendants' Rule 12(b)(6) motion as **MOOT**.  Plaintiff's first cause of action concerning its copyright remains before this Court.  Defendants have until February 22, 2012 to file a responsive pleading.

IT IS SO ORDERED.

February 8, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE